IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cr-30158-DWD-1 |
| | ) | |
| MEREDITH FORSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Defendant Meredith Forson has filed a *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018. (Doc. 211). The Government has responded (Doc. 213), and Forson has replied (Doc. 214). For the reasons set forth below, the motion is **DENIED**.

## I.    BACKGROUND

Defendant was convicted for her leadership role in a conspiracy to distribute methamphetamine in Illinois from approximately December 2018 through July 2020. The Defendant's drug trafficking organization distributed fifty pounds (22.74 kilograms) of methamphetamine during the conspiracy period. (Doc. 1; Doc. 45 at 9, ¶¶ 38, 43; Doc. 59). The charges arising from this conduct carried statutory mandatory minimum sentences. Specifically, three counts of conviction exposed the Defendant to a statutory penalty range of ten years to life imprisonment under 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A).

The advisory sentencing guidelines produced a substantial range. The total offense level was calculated at 37 based on the drug quantity of 22.74 kilograms of ice

methamphetamine, enhanced by two levels for the Defendant's role as an organizer or leader, and reduced by three levels for acceptance of responsibility following her timely guilty plea. (Doc. 45 at 9-10). The Defendant's criminal history score of five points placed her in criminal history category III. (Doc. 45 at 12). These calculations yielded an advisory guideline range of 262 to 327 months' imprisonment for Counts 1, 2, and 4, while the sentence on Count 3 was subject to the statutory maximum of 240 months. On September 8, 2021, the Court sentenced the Defendant to 176 months' imprisonment. (Doc. 59 at 2).

## II.    STATED GROUNDS FOR RELIEF

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. (Doc. 211). She asserts that she exhausted her administrative remedies by submitting a request for sentence reduction to the warden on May 23, 2025, citing "USSG Amendment 814"[1] and § 3582(c)(1)(A). The warden denied the request.

Defendant advances several grounds for relief. She contends that she suffers from coronary artery calcification and hyperlipidemia, conditions that cannot be adequately managed in prison because it is impossible to maintain a heart-healthy diet or exercise regimen while incarcerated. She further claims "remarkable" rehabilitation, evidenced

---

[1] Defendant's May 23, 2025, request to the warden cited "USSG Amendment 814." The Court presumes Defendant is referencing the United States Sentencing Commission's November 2023 amendment adding the "Unusually Long Sentence" category to U.S.S.G. § 1B1.13(b)(6) as an extraordinary and compelling reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* USSG App. C, Amdt. 814 (Nov. 2023). The Supreme Court has since held that this amendment exceeds the Commission's statutory authority. *See Rutherford v. United States,* 146 S. Ct. 1320 (2026); *Fernandez v. United States*, 146 S. Ct. 1292, 1304 (2026) ("That amendment, while not relevant here, exceeds the Commission's authority." (citing *Rutherford*)).

2

by consistent participation in BOP programming, a low recidivism risk assessment, a disciplinary-free record, and contributions to the inmate community through crocheting and knitting items for donation as well as providing emotional support to fellow inmates.

Defendant also argues that the purity of the methamphetamine attributed to her at sentencing substantially increased her sentence and that a proposed amendment to the Sentencing Guidelines addressing the distinction between methamphetamine mixtures and actual methamphetamine would have significantly reduced her base offense level and overall sentence. Although she acknowledges that the proposed amendment has not been enacted or made retroactive under U.S.S.G. § 1B1.10, she maintains that it "may form part" of the Court's analysis because her original sentence is now unduly harsh and inconsistent with current sentencing practices. (Doc. 211, pg. 17); (*see also Id*. at pg. 18) ("In light of the upcoming amendment and the legal recognition that non-retroactive sentencing reforms can support compassionate release, [Defendant's] continued incarceration is no longer consistent with the principles of fairness, proportionality, or justice."). Finally, Defendant contends that her 2021 sentence is disproportionate when compared to sentences imposed on similarly situated defendants after the First Step Act and that this disparity, combined with her age and medical conditions, supports release.

The Government opposes the motion on multiple grounds. It first argues that Defendant failed to exhaust administrative remedies with respect to her medical claims. Her May 2025 request to the warden sought relief solely under U.S.S.G. § 1B1.13(b)(6) on the basis of an unusually long sentence and did not raise medical grounds. Even assuming exhaustion, the Government contends that Defendant's health claims fail for

lack of supporting medical documentation.

On the merits, the Government argues that Defendant does not qualify for relief. She cannot proceed under § 1B1.13(b)(6) because she has not served at least ten years of her sentence and because the proposed methamphetamine-purity amendment has neither been enacted nor made retroactive, either of which, standing alone, precludes relief under Seventh Circuit authority. The Government further notes that, under the current Guidelines, Defendant's advisory range would be 210–262 months, compared with her original range of 262–327 months which does show a gross disparity. In addition, the Government argues, pursuant to *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), courts lack authority to use § 3582(c)(1)(A) to circumvent statutory mandatory minimum sentences, and Defendant is serving three ten-year mandatory minimum terms. Finally, allegations of rehabilitation alone are statutorily insufficient to establish an extraordinary and compelling reason.

In reply, Defendant argues that exhaustion does not require strict "issue-matching" or previewing every argument ultimately raised in court. She maintains that her motion rests on traditional extraordinary and compelling reasons (medical circumstances and rehabilitation) already recognized in the Seventh Circuit, together with the § 3553(a) factors, and that she is not invoking § 1B1.13(b)(6) at all. Because she is not proceeding under subsection (b)(6), Defendant contends that the Government's arguments concerning that provision are irrelevant. Instead, Defendant urges the Court to focus on unwarranted national disparities and to conduct a holistic assessment of the totality of the circumstances. While acknowledging that rehabilitation alone is statutorily

4

insufficient, she emphasizes that the Supreme Court has described it as "highly relevant."

*See Pepper v. United States*, 562 U.S. 476 (2011). She further argues that *Thacker* does not

bar relief where, as here, independent extraordinary and compelling reasons exist

alongside considerations of current sentencing practices and national disparities.

### III.   APPLICABLE LAW

Generally, a court is statutorily prohibited from modifying a term of

imprisonment once imposed. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) however

authorizes a district court to reduce a defendant's sentence, after considering the

sentencing factors described in ⚑18 U.S.C. § 3553(a), if the court finds that (1)

extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence

reduction is consistent with "applicable policy statements issued by the Sentencing

Commission." The Sentencing Commission's policy statement applicable

to compassionate release requests was recently amended. *See* Sentencing Guidelines

§ 1B1.13.

Section 1B1.13(b) describes six categories of extraordinary and compelling reasons

that individually, or in combination, may support a defendant's request

for compassionate release: (1) medical circumstances of the defendant; (2) advanced age;

(3) family circumstances; (4) sexual or physical abuse suffered by the defendant while in

custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in

gravity as those articulated in (1)-(4); and (6) an unusually long sentence.

When evaluating whether compelling and extraordinary circumstances exist, a

court must "consider[ ] the applicant's individualized arguments and evidence." *United*

*States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). Ultimately, the defendant bears the burden of demonstrating "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### IV.    Discussion

### A.    Exhaustion

The Government has raised the affirmative defense that Defendant failed to exhaust her administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Because the Government has properly invoked this mandatory claim-processing rule, Defendant must demonstrate that she has satisfied the exhaustion requirement as to the grounds she now advances in her motion. *See United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021).

Prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt...of such a request" by the warden of the prisoner's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

To properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). [2] This issue-exhaustion rule affords the Bureau an opportunity to evaluate the defendant's specific claims before they are brought to federal court. *Id.*

---

[2] Defendant misreads *United States v. Williams*, 987 F.3d 700 (7th Cir. 2021). Far from holding that issue exhaustion is unnecessary, the Seventh Circuit expressly required that a defendant present the same or similar grounds to the Bureau of Prisons in the administrative request.

Defendant submitted her request for compassionate release to the Warden on May 25, 2025. (Doc. 211-1, pg. 2). The request was captioned as a "Request for Sentence Reduction Consideration Pursuant to USSG Amendment 814 & U.S.C. 3582(c)(1)(A)." In the request, Defendant contended that if sentenced today she would not have received the "pure meth" enhancement, due to categorical changes in applicable offenses and intervening legal decisions, and that this change constitutes an "extraordinary and compelling reason" under the amended guidelines. (*Id.*). Defendant made no mention of any medical conditions, rehabilitation efforts, or other potential extraordinary and compelling circumstances.

On June 17, 2025, the Warden responded, denying Defendant's request stating in relevant part:

> Per Program Statement 5050.50 Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), there are certain criteria which you must meet in order to be considered for [a Reduction in Sentence based on non-medical circumstances/extraordinary and compelling reason]. The request was received and reviewed. At this time, it appears you do not meet criteria. Although, the Federal Courts have recently amended Request for Sentence Reduction Consideration Pursuant to USSG Amendment 814 & 18 U.S.C. 3582(c)(1)(A), this change has yet to be acknowledged in the Bureau of Prison's current Policy.

(Doc. 211-1, pg. 3).

Defendant filed the present motion on September 16, 2025, more than thirty days after the warden received her request. Because Defendant's administrative request did not raise medical conditions or rehabilitation as grounds for relief, those claims are unexhausted. They must therefore be dismissed for failure to exhaust administrative

remedies. However, even assuming arguendo that the medical and rehabilitation claims were properly exhausted, they would fail on the merits for the reasons set forth below.

By contrast, Defendant's May 23, 2025 request to the warden specifically raised the claim that the Sentencing Commission's November 2023 amendment adding the "Unusually Long Sentence" category to U.S.S.G. § 1B1.13(b)(6), together with intervening changes in the law regarding the methamphetamine purity enhancement, constitutes an extraordinary and compelling reason for a sentence reduction. The Court finds that the claims in the instant motion pertaining to alleged sentencing disparities and an unusually long sentence are sufficiently similar to those raised in her administrative request and are therefore properly exhausted. Nonetheless, as discussed below, these claims also fail on the merits.

### B. Merits Analysis

#### 1. *Medical Conditions*

Defendant claims she suffers from coronary artery calcification and hyperlipidemia and that, despite medication, these conditions cannot be properly managed because she cannot maintain an exercise regimen or a heart-healthy diet while incarcerated. These allegations do not satisfy any of the criteria in U.S.S.G. § 1B1.13(b)(1). There is no evidence that the conditions are terminal, substantially diminish her ability to provide self-care in the correctional setting, require long-term or specialized care that the BOP is not providing, or place her at serious risk from an infectious disease outbreak. Critically, Defendant has provided no evidentiary support whatsoever for these medical claims. She has submitted no medical records, no BOP treatment documentation, no

physician statements, and no other materials demonstrating the severity or impact of these conditions. The movant bears the burden of proving extraordinary and compelling reasons. *Newton*, 996 F.3d at 488. Where a defendant fails to furnish any medical evidence regarding the severity of claimed conditions, the claim necessarily fails. *See United States v. Scott*, 850 F. App'x 449, 451 (7th Cir. 2021). Accordingly, even if exhausted, this ground would fail on the merits.

### 2. *Remaining Claims*

To the extent Defendant relies on U.S.S.G. § 1B1.13(b)(6), she is ineligible. She has not served at least ten years of her sentence. More fundamentally, the Supreme Court has held that this provision exceeds the Sentencing Commission's statutory authority. *See Fernandez v. United States*, 146 S. Ct. 1292, 1304 (2026) (citing *Rutherford v. United States*, 146 S. Ct. 1320 (2026)).

Although Defendant disclaims reliance on § 1B1.13(b)(6), she maintains that her sentence is unusually long or disparate under the current Guidelines and/or would be under a proposed (but unenacted) amendment addressing the methamphetamine purity distinction between actual methamphetamine and mixtures.[3] She contends this argument remains viable independently of subsection (b)(6). The contention is unavailing.

---

[3] The Sentencing Commission published proposed amendments addressing offenses involving "Ice" and the purity distinction between methamphetamine in "actual" form and methamphetamine as part of a mixture in December 2025. See Proposed 2026 Amendments to the Federal Sentencing Guidelines (U.S. Sent'g Comm'n Dec. 2025), at 2–5, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202512_rf-proposed.pdf; 90 Fed. Reg. 59662 (Dec. 29, 2025). The public comment period closed on February 10, 2026. The Commission has not yet adopted any final version of the amendments or determined whether they (or any portion) would be made retroactively applicable under U.S.S.G. § 1B1.10.

Whether framed under subsection (b)(6) or advanced independently, these claims fail. Defendant cannot obtain indirectly what the statute and controlling precedent forbid directly. *In Rutherford v. United States*, 608 U.S. ___, 146 S. Ct. 1320 (2026), the Supreme Court held that when Congress declines to make a sentencing amendment retroactive, any resulting disparity between a pre-amendment sentence and the sentence that would be imposed today does not constitute an "extraordinary and compelling reason" warranting reduction under 18 U.S.C. § 3582(c)(1)(A). Such disparities are ordinary, not extraordinary. Treating them as compelling would undermine Congress's deliberate choice to limit new penalties to future offenders. Compassionate release addresses prisoners' personal circumstances that warrant mercy, not generalized disagreements with sentencing policy or disparities created by non-retroactive changes. *Id*. at 1330-35.[4]

In the instant case, no change in the law, retroactive or otherwise, has produced a gross disparity. As noted by the Government, Defendant's recalculated Guidelines range under current law is 210–262 months. While lower than her original calculated range, this does not constitute a "gross disparity" when measured against the 176-month sentence actually imposed, which already reflected a substantial downward variance and was anchored by three ten-year mandatory minimum terms. Furthermore, arguments raising policy disagreements, including those with the methamphetamine Guidelines or purity-based disparity arguments, have been rejected as grounds for compassionate release. *See*,

---

[4] The Seventh Circuit reached the same conclusion in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), holding that a non-retroactive change in law cannot constitute an extraordinary and compelling reason, alone or in combination with other factors. *Id.* at 571, 573–74. *See also United States v. Black*, 131 F.4th 542 (7th Cir. 2025).

e.g., *United States v. Alldredge*, 2025 WL 1875100, at \*2–3 (N.D. Ind. July 7, 2025) (denying similar claim).[5]

The Defendant's alleged rehabilitation is commendable. Under 28 U.S.C. § 994(t) and U.S.S.G. § 1B1.13(d), however, rehabilitation alone is not an extraordinary and compelling reason. It may be considered in combination with other factors, but it cannot transform insufficient grounds into extraordinary and compelling circumstances. *See Rutherford*, 146 S. Ct. at 1334-35; *Thacker*, 4 F.4th at 576. *See also United States v. Jarvis*, 999 F.3d 442, 444 (2021) ("[A]dding a legally impermissible ground to three insufficient factual considerations does not entitle a defendant to a sentence reduction.").

To the extent the Defendant invokes the catch-all in U.S.S.G. § 1B1.13(b)(5), it requires circumstances "similar in gravity" to the enumerated categories (serious medical conditions, advanced age with deterioration, family caregiver needs, or victimization by sexual or physical abuse in custody). Defendant's claims do not meet this threshold. Even when considered cumulatively with the Defendant's other arguments, these grounds fall short.

Despite her arguments to the contrary, Defendant is effectively seeking to circumvent three concurrent ten-year statutory mandatory minimum sentences. In *Thacker*, the Seventh Circuit held that § 3582(c)(1)(A) does not authorize a district court to

---

[5] Additionally, arguments for compassionate release or sentence reduction based on proposed but unenacted guideline amendments are premature and do not constitute extraordinary and compelling reasons. *See*, e.g., *United States v. Turner*, No. CR 24-89, 2026 WL 472721, at \*1–2 (E.D. La. Feb. 19, 2026); *United States v. Watford*, No. 3:97-CR-26-RLM, 2023 WL 4862905, at \*2 (N.D. Ind. July 31, 2023); *United States v. Johnson*, No. 17-1569, 2023 WL 3991049, at \*2 (W.D. Tex. June 13, 2023).

reduce a sentence below a congressionally mandated minimum on the ground that a non-retroactive change in law or policy disagreement with the length of a lawful mandatory minimum constitutes an extraordinary and compelling reason. 4 F.4th at 573–74. Congress, not the judiciary, sets mandatory minimum penalties; compassionate release is not a vehicle to declare a lawful mandatory minimum "too long." *Id.* at 574; see also *Rutherford*, 146 S. Ct. at 1330-35. The Defendant's attempts to distinguish *Thacker* by asserting "independent" extraordinary and compelling reasons are unavailing. Her motion rests heavily on non-retroactive changes in law and/or unenacted legislation and resulting disparities. For the reasons discussed herein, such arguments do not provide an extraordinary or compelling reason for compassionate release.

Finally, even if extraordinary and compelling reasons existed, the factors under 18 U.S.C. § 3553(a) weigh strongly against any reduction. The Defendant was the leader and organizer of a significant methamphetamine trafficking organization. She is serving three concurrent ten-year mandatory minimum terms. Her criminal history category was III. The original 176-month sentence already incorporated a substantial downward variance. Releasing her after serving only approximately five years would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. See 18 U.S.C. § 3553(a)(1)–(3), (6).

12

## V.   CONCLUSION

For these reasons, Defendant Meredith Forson's Motion for Compassionate Release (Doc. 211) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** June 12, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.06.12 11:54:08 -05'00'

DAVID W. DUGAN
U. S.  District Judge